IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **AMIR ALI FARAZ,** | * | |
| *Petitioner,* | * | |
| v. | * | Civil Action No. RWT 17-0201 |
| | * | (Related Criminal No. RWT 12-0640) |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent.* | * | |

## MEMORANDUM OPINION

Petitioner Amir Ali Faraz ("Faraz") has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion" or "Motion to Vacate"). ECF No. 521. The Government has filed a Motion to Seal, ECF No. 523, and Faraz filed a Motion for Leave to File Out of Time, ECF No. 525. For the reasons discussed below, the Court will deny Faraz's § 2255 Motion, ECF No. 521, grant the Government's Motion to Seal, ECF No. 523, and grant Faraz's Motion for Leave to File Out of Time, ECF No. 525.

### I. Background Facts

On December 12, 2012, a grand jury indicted eleven defendants, including Faraz, for a single count of conspiracy to distribute one kilogram or more of heroin, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (Count I). ECF No. 1. On November 13, 2013, a grand jury issued a Superseding Indictment to include additional charges as to Faraz. ECF No. 235. Faraz was charged with (1) possession with intent to distribute heroin (Counts Two and Four); (2) use of a communications facility in furtherance of a drug trafficking

offense (Counts Three, Five, Six, and Eight), and (3) interstate travel with intent to promote drug trafficking activities (Count Seven). *Id.*

On January 7, 2014, the Government filed a Notice/Information of Its Intention to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851 ("§ 851 Notice"). ECF No. 273. On January 24, 2014, a jury found Faraz guilty on all pertinent charges in the Superseding Indictment. ECF No. 290.

On June 23, 2014, Faraz filed Objections to the Government's § 851 Notice, ECF No. 357, which the Government responded to on July 1, 2014, ECF No. 358. On July 7, 2014, the Court held a hearing and sentenced Faraz to the mandatory minimum sentence of 240 months of imprisonment on Count One; the statutory maximum sentence of 240 months of imprisonment on Count Two; 48 months of imprisonment on Counts Three, Four, Five, Six, and Eight; and 60 months of imprisonment on Count Seven. ECF No. 368. All sentences were to run concurrently. *Id.*

Faraz timely appealed to the Court of Appeals for the Fourth Circuit, which affirmed his conviction on October 5, 2015. ECF No. 506. He then filed a petition for writ of certiorari with the U.S. Supreme Court, and on January 19, 2016, the Supreme Court denied certiorari. *Faraz v. United States*, 136 S. Ct. 913 (2016).

Faraz timely filed his § 2255 Motion on January 19, 2017. ECF No. 521. On February 1, 2017, the Court ordered the United States to respond to Faraz's § 2255 Motion within 60 days of the Order, and allowed Faraz to reply within 28 days of the United States' response. ECF No. 522. The Government filed its timely Opposition and a Motion to Seal. ECF Nos. 523, 524. On May 2, 2017, Faraz filed a Motion for Leave to File Out of Time and attached his proposed Reply. ECF No. 525.

## II. Analysis

The Court will first address Faraz's Motion for Leave to File Out of Time, and then it will dispose of his Motion to Vacate.

### a. Faraz's Motion for Leave to File Out of Time Due to Excusable Neglect Will Be Granted.

Faraz was allowed to file a reply within twenty-eight days of the Government's Response. ECF No. 522. The Government's Response was filed on March 17, 2017, so Faraz's reply was due on April 14, 2017. On May 2, 2017, Faraz filed a Motion for Leave to File Out of Time, asking the Court for leave to file his reply out of time due to excusable neglect. ECF No. 525. Specifically, he argues that the institution where he is incarcerated was on lock down, and once the lock down was lifted, the law library was closed due to a staffing shortage. *Id.* ¶¶ 1–2. He avers that due to these circumstances, which were beyond his control, there is good cause to grant him leave. *Id.* ¶ 3.

In determining whether excusable neglect has occurred, courts look at four factors: (1) danger of prejudice to the non-movant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Fourth Circuit has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 392).

Considering Faraz's circumstances, the *Pioneer* factors weigh in his favor. Filing his Reply less than three weeks late did not have a significant impact on the proceedings nor did it prejudice the Government. Importantly, the reasons for the delay—that his institution was on

lock down and the law library was closed—were beyond his control. Moreover, given that his Motion for Leave to File Out of Time was filed shortly after the deadline, it appears that he was acting in good faith. Accordingly, the Court finds that excusable neglect occurred, and the Motion for Leave to File Out of Time will be granted.

### b. Faraz's § 2255 Motion Will Be Denied Because His Claims of Ineffective Assistance of Counsel Fail Under *Strickland*.

Faraz asserts that his sentence should be vacated, set aside, or corrected because his trial counsel did not provide effective representation under the Sixth Amendment. ECF No. 521-1 at 16. He asserts that his counsel (1) failed to argue that his § 851 enhancement no longer applied in light of *Alleyne v. United States*, 570 U.S. 99 (2013); (2) failed to argue that the Government had engaged in sentencing factor manipulation; and (3) failed to argue that his prior conviction used to enhance his sentence pursuant to 28 U.S.C. § 851 no longer qualified to support the enhancement. *Id.* None of Faraz's claims has legal merit.

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *See* § 2255; *Miller*, 261 F.2d at 547.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, a petitioner must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of

counsel's performance must be highly deferential." *Id.* at 689; *see also United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a petitioner must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694. Unless a petitioner makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 669. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

### i. Faraz's Claim that His Counsel Failed to Argue that His § 851 Enhancement No Longer Applied Fails Both *Strickland* Prongs.

Faraz alleges that his counsel was ineffective for failing to argue that his § 851 enhancement no longer applied in light of *Alleyne v. United States*, 570 U.S. 99 (2013). ECF No. 521-1 at 17–20, ECF No. 525-1 at 2–6. He asserts that in *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum is an element that must be submitted to the jury. ECF No. 521-1 at 17, ECF No. 525-1 at 8. Although Faraz correctly states the law, he neglects the exception the Court carved out to this rule: "'*Other than the fact of a prior*

5

*conviction*,[1] any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Alleyne*, 570 U.S. at 126 (emphasis added) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Because Faraz's § 851 enhancement was based on a prior conviction, ECF No. 273, which is the exception to the rule stated in *Alleyne*, *Alleyne* did not apply. Thus, the conduct of Faraz's counsel was objectively reasonable in choosing not to make an argument contrary to Supreme Court precedent.[2]

Even if Faraz did show that his counsel performed deficiently, he still has not shown that he was prejudiced by it under *Strickland*. He asserts that had his attorney argued for his prior conviction to "be placed into the indictment, submitted to a jury, and proved beyond a reasonable doubt[,] . . . there is a reasonable probability that the outcome of th[e] case would be different." ECF No. 521-1 at 20. This recitation of the legal standard, without more, is insufficient to conclude that any other outcome would have likely occurred. Accordingly, Faraz's first ground of ineffective assistance of counsel has no legal basis.

---

[1] In his Reply, Faraz asserts that the Government has misled this Court by representing that the language "other than the fact of a prior conviction" is used in *Alleyne*, when in fact, it is not. ECF No. 525-1 at 7. This Court has not been misled, and the quoted language can be found on page 126 of the opinion.

[2] Faraz also draws the Court's attention to *Persaud v. United States*, 571 U.S. 1172 (2014). In *Persaud*, the Supreme Court remanded Andre Persaud's case to the Fourth Circuit to reconsider the denial of his § 2241 motion. Brief for the United States at 10–11, *Persaud*, 571 U.S. 1172 (No. 13-6435), 2013 WL 7088877; *see Persaud*, 571 U.S. at 1172. Mr. Persaud sought relief from a mandatory life sentence of imprisonment based on two prior felony drug convictions, one of which was a North Carolina drug conviction, which at the time of his sentencing qualified as a predicate conviction but was later determined to not qualify as one. *Id.* at 11–12. Faraz seems to argue that because the Government in Mr. Persaud's case conceded that Mr. Persaud's sentence should be vacated because his prior conviction no longer qualified as a predicate offense, it should do the same in this case. ECF No. 521-1 at 17–20, ECF No. 525-1 at 2–5, 8. Faraz's reliance on this case is misplaced, however, because Mr. Persaud's case was based on the fact that his prior conviction no longer qualified as a predicate conviction, which Faraz has not argued. Moreover, *Persaud* did not involve an ineffective assistance of counsel claim like the one Faraz is bringing.

### ii. Faraz's Claim that His Counsel Failed to Argue that the Government Had Engaged in Sentencing Factor Manipulation Fails Both *Strickland* Prongs.

Faraz alleges that his counsel was ineffective for failing to argue that the Government had engaged in sentencing factor manipulation so as to enlarge the scale of the crime and secure a longer sentence. ECF No. 521-1 at 21–22, ECF No. 525-1 at 9–10. He argues that the Government engaged in sentencing factor manipulation through its witness Stephany Gonzalez, who portrayed Faraz as a "big king-pin who was associated with various drug cartels" and responsible for "multiple [k]ilograms of heroin distributions." ECF No. 521-1 at 21, ECF No. 525-1 at 10. Faraz asserts that his attorney should have charged "[Ms.] Gonzalez as a pawn in [the Government's] pursuit of sentencing factor manipulation." ECF No. 521-1 at 22. Specifically, he argues that "[q]uestions on cross-examination of Ms. Gonzalez should have been presented . . . in a way that would have shown by her testimony that she was the benefactor of saying whatever amount the government wanted her to say was transacted between [Faraz] and [her]." *Id.*

As the Government points out, the case on which Faraz relies for this argument is from the First Circuit and thus has no precedential effect on this Court. *See id.* at 21 (citing *United States v. Kenney*, 756 F.3d 36 (1st Cir. 2014)). In fact, the Fourth Circuit has "never expressly adopted the theory of sentencing manipulation" and has "looked upon such claims with skepticism." *United States v. Gillom*, 632 F. App'x 135, 135 (4th Cir. 2016) (citing *United States v. Jones*, 18 F.3d 1145, 1154 (4th Cir. 1994)). This Court has held that sentencing manipulation is not a "viable" defense at trial and thus failure to raise it is not deficient representation. *Ray v. United States*, No. AW-11-2684, AW-04-0559, 2013 WL 3967930, at *6 (D. Md. July 31, 2013).

Even assuming this Court adopted the theory of sentencing manipulation, Faraz's counsel's conduct was objectively reasonable. He argues that his counsel should have asked: (1) what Ms. Gonzalez was receiving in exchange for her testimony, (2) whether she would receive a reduced sentence in exchange for her testimony, and (3) whether the Government instructed her to testify that a certain amount of drugs was involved. ECF No. 152-1 at 22. Upon review of the trial transcript, Faraz's counsel essentially did ask these questions. During cross-examination, he questioned Ms. Gonzalez about the Government dismissing charges that had been pending against her, ECF No. 524-2 at 53:1–4, 61:24–62:12, and declining to charge her in this case, *id.* 64:6–8. Moreover, at sentencing, Faraz's counsel casted doubt on Ms. Gonzalez's testimony, arguing that the Court should not consider it. ECF No. 524-6 at 11:2–16:12. That Faraz's counsel did not ask the very questions included in his § 2255 Motion does not establish that his performance fell below the objective standard of reasonableness. *See Strickland*, 466 U.S. at 689 (noting that counsel must have wide latitude in making tactical decisions).

Even if the conduct of Faraz's counsel was deficient, Faraz has again not provided evidence that he was prejudiced by such conduct. Although he asserts that there is a reasonable probability that the outcome of the case would have been different had his counsel posed specific questions, ECF No. 521-1 at 22, ultimately, the Court did not rely on Ms. Gonzalez's testimony at sentencing, ECF No. 524-6 at 17:2–13. The Court stated that although it found Ms. Gonzalez's testimony to be credible, there was "sufficient confusion . . . between her testimony and that of others" such that it would give Faraz "the benefit of the doubt on this issue." *Id.* Thus, because the Court did not consider Ms. Gonzalez's testimony in sentencing

Faraz, any claims of deficiencies in her cross-examination are moot. Accordingly, Faraz's second ground of ineffective assistance of counsel lacks merit under *Strickland*.

### iii. Faraz's Claim that His Counsel Failed to Argue that His Prior Conviction Used to Enhance His Sentence No Longer Qualified to Support the Enhancement Fails Both *Strickland* Prongs.

Faraz alleges that his counsel was ineffective for failing to argue that his prior conviction used to enhance his sentence pursuant to 21 U.S.C. § 851 no longer qualified to support the enhancement. ECF No. 521-1 at 23–24, ECF No. 525-1 at 11–12. Specifically, he asserts that his counsel should have argued that under *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), his prior conviction could not be "used to designate him as a recidivist under 21 U.S.C. § 851." ECF No. 521-1 at 24. Faraz also argues that because the Fifth Circuit in *United States v. Wright*, 681 F. App'x 418 (5th Cir. 2017) vacated the defendant's sentence and remanded the case for resentencing based on *Mathis* and *Hinkle*, the Court must do so here as well. ECF No. 525-1 at 11.

As noted by the Government,[3] the cases which Faraz cites involve enhancements under the U.S. Sentencing Guidelines ("U.S.S.G.") or Armed Career Criminal Act ("ACCA"). *See Mathis*, 136 S. Ct. at 2247–50 (considering whether Iowa burglary conviction fit within definition of "violent felony" for purposes of applying mandatory minimum sentence under ACCA); *Descamps v. United States*, 570 U.S. 254, 258–60 (2013) (analyzing whether California burglary conviction qualified as "violent felony" under ACCA); *Hinkle*, 832 F.3d at 570–71, 576–77 (holding that Texas conviction of delivery of heroin could not "serve as a predicate offense under the Career Offender Guideline provision, which is [U.S.S.G.] § 4B1.1"); *United States v. Martinez-Lugo*, 782 F.3d 198, 205 (5th Cir. 2015) (upholding enhancement under

---

[3] Faraz cites to *Wright* in his Reply (to which the Government did not respond), ECF No. 525-1 at 11, and like the other cases, it involved an enhancement under U.S.S.G. and thus is not applicable to his case.

U.S.S.G. based on prior conviction). Because Faraz's enhancement was applied under 21 U.S.C. § 851 and he does not present an argument as to why the Court should analyze his enhancement as one under U.S.S.G. or ACCA, these cases do not apply to his case.

Moreover, Faraz's prior state conviction qualified as a felony drug offense that supported his sentencing enhancement. A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). "State misdemeanors punishable by imprisonment of more than one year constitute felony drug offenses under 21 U.S.C. § 802(44)." *Thomas v. United States*, No. RDB-14-2085, RDB-10-0491, 2016 WL 5372316, at *6 (D. Md. Sept. 26, 2016) (citing *Burgess v. United States*, 553 U.S. 124, 129 (2008)). As stated in the Government's § 851 Notice[4] and Faraz's Presentence Report, in 2003, Faraz was convicted and sentenced to two years of confinement for possession of Rohypnol, a controlled substance known as the "date rape drug." ECF No. 273 ¶ 2; ECF No. 337 at 8; *see United States v. Wadford*, 331 F. App'x 198, 200 (4th Cir. 2009). Because the conviction related to "narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances," 21 U.S.C. § 802(44), and Faraz was sentenced to two years of confinement, his prior conviction qualified as a "felony drug offense."

Citing to *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), Faraz argues that his conviction should not be considered a "felony drug offense." ECF No. 521-1 at 24. In

---

[4] Although Faraz's counsel filed objections to the Government's § 851 Notice and objected to the enhancement at the sentencing hearing, the Court ruled that the conviction was not subject to challenge because it had occurred more than five years before the date of the information alleging it had occurred. ECF No. 524-6 at 4:4–6:13. Moreover, at the sentencing hearing, the Government submitted a certified copy of the prior conviction, which Faraz and his counsel did not contest. *Id.* at 5:1–15. Based on the records and the fact that the challenge was outside of the five-year window, the Court overruled any challenge to the validity of the conviction. *Id.* at 6:8–13.

*Carachuri-Rosendo*, the Supreme Court considered whether a lawful permanent resident of the United States was barred from seeking cancellation of removal under the Immigration and Nationality Act ("INA") because he had previously been convicted of an "aggravated felony." *Carachuri-Rosendo*, 560 U.S. at 566. As the Court explained, the INA defines an "aggravated felony" to include any crime punishable as a federal felony under the Controlled Substances Act (i.e., a crime for which the maximum term of imprisonment authorized exceeds one year). *Id.* at 566–67 (citations omitted). In determining whether the prior conviction was an "aggravated felony," the Court "look[ed] to the conviction itself as [the] starting place, not to what might have or could have been charged." *Id.* at 576. The Fourth Circuit has interpreted *Carachuri-Rosendo* to mean that when determining if a conviction is a "felony drug offense" under § 841, courts must focus on the actual conviction as opposed to one that hypothetically could have resulted. *United States v. Simmons*, 649 F.3d 237, 242 (4th Cir. 2011).

Applying this to Faraz's case, and as noted above, he was convicted and sentenced to two years of confinement for possession of a controlled substance, ECF No. 273 ¶ 2, which falls squarely within the definition of a "felony drug offense." 21 U.S.C. § 802(44) ("an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances"). Given that Faraz's prior conviction qualified as a "felony drug offense" and thus supported his sentence enhancement, his counsel's failure to raise an argument to the contrary does not amount to ineffective assistance of counsel. Because such an argument would be meritless, the outcome of the proceedings would not have been different. Accordingly, Faraz's third ground of ineffective assistance of counsel has no legal basis.

### III. Certificate of Appealability

A petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). The Court has assessed Faraz's Motion to Vacate and finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

### IV. Conclusion

Based on the foregoing, the Court finds that Faraz's Motion to Vacate "conclusively show[s] that [he] is entitled to no relief," and, as such, will deny the Motion. *See* 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. A separate order will follow.

DATE: November 14, 2018         /s/
                                ROGER W. TITUS
                                UNITED STATES DISTRICT JUDGE